# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HERERA-ROMAN<br><br>  Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>  Respondent. | Case No. 14-cv-1323-BTM<br><br>Related No. 11-cr-0225-BTM<br><br>**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA** |

On July 5, 2011, the petitioner was sentenced to 57 months confinement and a three year term of supervised release. On April 18, 2014, the Court received a "Motion for 'Back Time'" from Petitioner claiming that his sentence had been miscalculated and requesting that the Court order that he be credited "back-time" for pretrial detention pursuant to 28 U.S.C. § 3585(b)(2). (Doc. 61.) The Court received another copy of the motion shortly thereafter. (Doc. 64.) For the reasons discussed below, the Court lacks jurisdiction over the petition and accordingly transfers it to the District of Arizona for adjudication.

//

//

## I. DISCUSSION

The petitioner contends that he has been deprived of credit for 260 days served from the time of his arrest to his sentencing date. The government, by letter dated April 28, 2014, contends that the Bureau of Prison's calculation of the prisoner's release date did account for this period, and states that 54 days of good credit time were lost as a consequence of infractions that occurred during his incarceration. (Doc. 62.) The Court need not reach this dispute, however, as it lacks jurisdiction.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The petition does not challenge an underlying conviction in this Court, but instead seeks relief from an alleged failure to credit time served prior to sentencing. Since the petitioner challenges the execution of his sentence and not the validity of the sentence itself, his motion should be brought pursuant to 28 U.S.C. § 2241 in the district of his confinement. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner is confined at the federal penitentiary in Tuscon, Arizona, which is within the jurisdictional boundaries of the District of Arizona. See 28 U.S.C. §§ 82. Thus, jurisdiction exists in the District of Arizona, but not in the Southern District of California. See 28 U.S.C. § 2241(d).

The Ninth Circuit has held that transferring a habeas corpus petition to a district with jurisdiction is typically appropriate because dismissal of an action that could be brought elsewhere is "time consuming and justice defeating." See Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citation omitted). Therefore, rather than merely dismiss the case for want of jurisdiction, the Court will transfer it to the District of Arizona in the interest of justice pursuant

to 28 U.S.C. § 1631.

## II.  CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that the Clerk of this Court transfer this case to the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner.

**IT IS SO ORDERED.**

DATED: May 29, 2014

_____
Barry Ted Moskowitz
Chief United States District Judge